# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1437V
UNPUBLISHED

| | |
|---|---|
| SEAN BRYAN,<br><br>          Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>          Respondent. | Chief Special Master Corcoran<br><br>Filed: November 17, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu); Guillain-<br>Barré syndrome (GBS). |

*Nancy Routh Meyers*, Turning Point Litigation, Greensboro, NC, *for Petitioner.*

*Steven Santayana*, U.S. Department of Justice, Washington, DC, *for Respondent.*

### RULING ON ENTITLEMENT[1]

On June 4, 2021, Sean Bryan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on September 17, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 16, 2022, Respondent filed his Rule 4(c) report in which he states that he does not contest that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that Petitioner's claim meets the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI") for GBS following receipt of a flu vaccine.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

*Id.* at 7 (citing 42 C.F.R. §§ 100.3(a), (c)(10). Respondent further agrees that the case was timely filed, that the vaccine was received in the United States, and that Petitioner satisfied the statutory six-month sequela requirement by suffering the residual effects or complications of his injury for more than six months. *Id.* (citing Vaccine Act Section 11(c)(D)(I)).

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master